| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>--------------------------------------------------------X | **Conference Date & Time**<br>**August 8, 2024 @ 10:30 am** |
| In Re:<br><br>CONG. BETH JOSEPH ZWI DUSHINSKY<br><br>                                      Debtor.<br>--------------------------------------------------------X | Chapter 11<br>(Subchapter V)<br>Case No.  24-42127 (ESS) |

## STATUS REPORT UNDER 11 U.S.C. § 1188(c)

**TO:  THE HONORABLE ELIZABETH S. STONG**
      **UNITED STATES BANKRUPTCY JUDGE:**

SHAFFERMAN & FELDMAN LLP, on behalf of Cong. Beth Joseph Zwi Dushinsky, the debtor and debtor in possession (the "Congregation or the "Debtor") under Subchapter V of Chapter 11 of Title 11 of the United Code as Amended (the "Bankruptcy Code"), as and for this statement under 11 U.S.C. §1188 (c), respectfully sets forth and alleges as follows:

## BACKGROUND

1. The Debtor is a New York religious corporation which owns the real property located at 135 Ross Street, Brooklyn, New York 11211 (the "Property") and operates a community synagogue there.

2. On January 14, 2003, the Congregation executed and delivered to Astoria Federal Savings and Loan Association ("Astoria") a mortgage note, in the amount of $525,000.00. The note provided that the Congregation would pay the principal sum with interest1 in monthly installments over twenty-five years and that the full amount of unpaid principal and interest was due and payable on February 1, 2028. The note was secured by a mortgage on the Property, which the Congregation executed and delivered to Astoria on

1

January 14, 2003, and was recorded in the Kings County Clerk's Office on June 18, 2003. On June 22, 2010, Astoria endorsed the note and assigned the mortgage to Newboy Holding Inc. ("Newboy").

**The First Foreclosure Action**

3.  On September 15, 2010, Newboy commenced a prior foreclosure action in the Kings County Supreme Court (the "Kings County Action") that was dismissed in May 2017. The complaint in the Kings County Action alleged that the Congregation defaulted in payment of the monthly installment due on December 1, 2009. The Congregation and Eli Katz, the Congregation's president at the time ("Katz"), interposed an answer with affirmative defenses in the Kings County Action.

4.  Newboy moved for summary judgment and to strike the answer, and the Congregation and Katz cross-moved for summary judgment to dismiss the Kings County Action. On May 26, 2012, the Honorable Sylvia O. Hinds-Radix denied both motions, finding that Newboy failed to allege and prove that it served the Congregation with a notice to cure its alleged default and therefore failed to satisfy a condition precedent to commencing the Kings County Action.

5.  On May 9, 2013, Newboy assigned the mortgage to SAM, and SAM substituted as the plaintiff in the Kings County Action. At the time that SAM took over as the plaintiff in the Kings County Action, it had the benefit of Honorable Sylvia O. Hinds-Radix's decision a year earlier flagging the issue with Newboy's inability to prove that it had served the Congregation with a notice to cure prior to commencing the Kings County Action. SAM could have cured that deficiency by discontinuing the Kings County Action, properly serving a new notice to cure, and commencing a new action. SAM chose not to proceed that way. Instead, SAM elected to push the matter to a bench trial on January 10, 2017.

6. After a bench trial, on May 31, 2017, the Honorable Carolyn E. Wade issued a decision and order dismissing the Kings County Action based on her determination that SAM failed to prove that Newboy served a notice to cure, which was "a condition precedent to the commencement of" the Kings County Action.

**The 2017 Notice to Cure**

7. SAM served a new notice to cure dated June 22, 2017. The new notice to cure demanded that the Congregation pay $788,936.45, representing $455,014.84 in accelerated principal, $317,509.36 in default interest (calculated at 11.63% per annum from July 2011 on the total amount of accelerated principal), $7,089.17 in escrow deficit for taxes and insurance, and $9,323.08 in late charges. The notice to cure did not include attorneys' fees and costs that SAM had allegedly incurred.

**The Second Foreclosure Action**

8. On September 25, 2017, SAM commenced a second foreclosure action entitled <u>Secured Asset Management, LLC v. Cong. Beth Joseph Zwi Dushinsky a/k/a Congregation Beth Joseph Zwi Dushinsky, Eli Katz, NYC Environmental Control Board</u>, in the United States District Court for the Eastern District of New York (Case No. 17-cv-05588-DLI-CLP) (the "Federal Court Foreclosure Action") alleging that "[t]he Congregation failed to comply with the conditions of said Mortgage by failing to pay the installment of $3,585.96 and the escrow money for taxes which became due on December 1, 2009, and failed to pay each month thereafter" (Compl. ¶ 19).

9. On November 1, 2017, the defendants in the Federal Court Foreclosure Action interposed an answer with several affirmative defenses.

10. On January 25, 2018, SAM moved for summary judgment in the Federal Court Foreclosure Action on its claim for a judgment of foreclosure and sought an order

3

striking the answer and appointing a referee to compute all sums due under the note and mortgage. On February 16, 2018, the Congregation and Katz opposed SAM's motion and cross-moved to dismiss.

11. On September 30, 2019, the Federal Court issued an opinion and order granting SAM's motion for summary judgment and denying the Congregation and Katz's cross-motion (ECF No. 28).

12. After further litigation and motion practice ensued with respect to approval of a referee's report in the Federal Court Foreclosure Action, on March 26, 2024 the Federal Court issue a Judgment of Foreclosure and Sale against the Congregation and Katz, in the amount of $1,249,436.51, with $429,967.97 in unpaid principle; $582,850.32 in accrued interest as of March 24, 2023 with interest at the rate of $138.84 per day until the entry of judgment and statutory interest rate thereafter; $1,561.80 in protective advances; $182,424.62 in attorney's fees, cost, and disbursements; $52,631.80 in interest on attorneys' fees, costs, and disbursements as of March 24, 2023, with interest at the rate of $39.55 per day until the entry of judgment and statutory interest rate thereafter.

**Commencement of Chapter 11 Case**

13. To continue operating and to provide a place of worship for its congregation, on May 22, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11, United States Code, as amended (the "Bankruptcy Code"), with the Clerk of this Court, and the Debtor elected to be treated as a Small Business under Sub-Chapter V.

14. Since the Chapter 11 filing, the Debtor has continued in the management of his property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Gerald R. Luckman, Esq. has been appointed as Subchapter V Trustee (the "Trustee").

**STATUS OF A CASE**

15. This report is submitted pursuant to Section 1188(c) of the Bankruptcy Code which requires the Debtor to report to the Court as to the status of efforts to obtain a consensual plan.

16. The Debtor's goal in this case is to be able to confirm a consensual plan to enable the Debtor to continue to operate its business and reorganize its financial affairs under the protection of Subchapter V of Chapter 11 of the Bankruptcy Code.

18. On June 26, 2025, this Court entered an order setting August 14, 2024 as the deadline for filing proofs of claim in this case [ECF Doc. #21]

19. Shortly after the Petition Date, the Debtor's Chief Restructuring Officer, Theodore Welz, the undersigned proposed counsel for the Debtor, the Subchapter V Trustee, and counsel for SAM had preliminary discussions concerning the Debtor's potential exit scenario for this case which would is to restructure the terms of SAM's secured claim and pay its allowed claim, in full; and to pay the allowed claim of general unsecured creditors, in full over a period of time so that to that the Debtor can continue serving its congregants and community. The undersigned may also reach out to the Subchapter V Trustee with the hope that he can mediate a resolution of the SAM's claim, if necessary.

**DATED:** New York, New York
July 31, 2024

        **SHAFFERMAN & FELDMAN LLP**
        Proposed Counsel for the Debtor
        137 Fifth Avenue, 9th Floor
        New York, New York 10010
        (212) 509-1802

        By:\_\_/S/ Joel Shafferman_____
            Joel Shafferman