

1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000   212-752-8393  fax
—
New Jersey
—
Delaware
—
Maryland
—
Texas
—
Florida

Jacob S. Frumkin
Member
Admitted in NJ and NY

Reply to New York Office
Writer's Direct Line: 646.563.8944
Writer's Direct Fax: 646.563.7944
Writer's E-Mail: jfrumkin@coleschotz.com

September 3, 2024

**Via CM/ECF Filing**
Honorable Elizabeth S. Stong
U.S. Bankruptcy Court, E.D.N.Y.
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East – Suite 1595
Brooklyn, NY 11201-1800

      Re:    *In re Cong. Beth Joseph Zwi Dushinsky*, Case No. 24-42127 (ESS) (Bankr. E.D.N.Y.)

Dear Judge Stong:

      This firm is counsel to Secured Asset Management, LLC ("Lender") with respect to the above-referenced chapter 11 case of Cong. Beth Joseph Zwi Dushinsky ("Debtor"). We write to preview certain issues that will be raised by Lender at the status conference scheduled for September 3, 2024 (the "Status Conference").

      As an initial matter, the Debtor provided Lender with a draft collateral stipulation (the "Cash Collateral Stipulation") on August 16, 2024. Because it was sent under the cover of settlement communications, Lender is precluded from sharing details regarding the content of the stipulation or discussions between the parties relating thereto. Suffice it to say, numerous provisions of the stipulation are non-starters for Lender, including that it does not attach a budget and seeks to provide the Debtor with the ability to continue challenging Lender's liens and claims, even though the priority and validity of same is undisputed. As of the filing of this letter, a draft budget still has not been provided to Lender.

      Moreover, on August 19, 2024, the Debtor filed its *Small Business Sub-Chapter V Plan of Reorganization* [Docket No. 42] (the "Plan") and the *Declaration of Theodore Welz wth Regard to Cash Collateral Stipulation and Means to Implement Plan* [Docket No. 45] (the "Declaration"). Numerous provisions of the Plan and statements made in the Declaration make it clear that the Debtor has no real intentions of engaging in meaningful negotiations with the Lender or any ability to confirm the Plan. The Plan, on its face, is patently unconfirmable, because, among other things, it is not feasible and attempts to improperly gerrymander votes through the creation of a separate class of general unsecured creditors comprised of alleged "Congregant/Investor Claims." Equally important, the Debtor has failed to come forward with any competent proof of its ability to generate any cash from the underlying property. Although neither a deadline to object to the Plan nor a confirmation hearing have been set, Lender intends to vehemently oppose confirmation of the Plan.



Honorable Elizabeth S. Stong
September 3, 2024
Page 2

Additionally, in advance of the Status Conference, Lender requested various documents and information regarding the Cash Collateral Stipulation, the Plan, and the Declaration from Debtor.  *See* Exhibit A and Exhibit B hereto.  As of the date hereof, however, Lender has not received any meaningful response to either.  Accordingly, Lender requests that the Court require the Debtor to respond to the requests.

Finally, Lender still has not received any adequate protection payments during this case, which was filed over three months ago.  The Declaration, however, seems to suggest that any such payments are contingent upon Lender's agreement to work towards a consensual plan process, which is not the law and shows the Debtor's lack of good faith in negotiating with Lender.[1]  Although the Lender obviously is willing to work cooperatively with the Debtor and all parties in interest, Lender does not agree to have its collateral wrested from it without being compensated for the full amount that it is owed.  The Plan, as currently drafted (along with the Cash Collateral Stipulation), fall far short of that baseline requirement.

As always, the Court's time and consideration of this matter are greatly appreciated.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Jacob S. Frumkin*

Jacob S. Frumkin


cc:     Joel M. Shafferman, Esq.
        Gerard R. Luckman, Esq.
        Leo Leyva, Esq.

---

[1] As an example of the Debtor's continuing efforts to disregard the law and avoid its undisputed obligations, the Debtor continues to contend that it has a number of "congregants" that are seeking to challenge the extent and validity of the Lender's lien claim.  *See* Declaration at ¶ 3.  That contention is simply absurd and in direct contravention of binding district and appellate court orders.  *See* Docket No. 39.  As has been demonstrated in previous correspondence to the Court, the U.S. Court of Appeals for the Second Circuit affirmed an order entered by the U.S. District Court for the Eastern District of New York setting the amount of the outstanding judgment, as well as confirming the validity of the first mortgage lien held by the Lender.  *Id.*
52577/0002-48370471

**EXHIBIT A**

52577/0002-48370471

**Frumkin, Jacob S.**

| | |
|---|---|
| **From:** | Joel Shafferman <shaffermanjoel@gmail.com> |
| **Sent:** | Saturday, August 24, 2024 2:08 PM |
| **To:** | Frumkin, Jacob S. |
| **Cc:** | gluckman@forchellilaw.com; Scott, Shannon (USTP); Leyva, Leo |
| **Subject:** | Re: 1-24-42127-ess Affidavit [IMAN-CSDOCS.FID1840041] |

**CAUTION:** External Message

I will review this with Mr . Welz
Sent from my iPhone

> On Aug 24, 2024, at 10:38 AM, Frumkin, Jacob S. <JFrumkin@coleschotz.com> wrote:
>
> Joel,
>
> We reviewed the attached declaration and have myriad questions and concerns.  Please let us know whether the Debtor is willing to provide the following documentation and information on an informal basis.  If not, we will send formal discovery requests.  We also never received the documentation requested in the attached email.
>
> 1- All documents supporting Mr. Welz's statement that "the value of the Debtor's real property is much greater than the amount of SAM's claim."
> 2- All documents and communications supporting Mr. Welz's statement that there is an "equity cushion."
> 3- All documents and communications regarding attempts by the Debtor or its representatives to hire an appraiser with respect to the underlying property.
> 4- All documents indicating any type of appraisal or valuation of the underlying property, whether in draft form or otherwise.
> 5. The source of the adequate protection payments proposed to be made to Secured Asset Management, LLC.
> 6. All documents evidencing an ability to make continued adequate protection payments.
> 8. A list of historical rental payments to the Debtor or any other party for residential units at the underlying property for the last 10 years, and documents and communications showing the use of such funds.
> 9. The names and financial information related to the historical tenants, current tenants and the tenants that have been living rent free.
> 10. A list of historical rental payments to the Debtor or any other party by any sub-congregation relating to the underlying Property for the last 10 years, and documents and communications showing the use of such funds.
> 11. A list of all donations made by congregants to the Debtor for the last 10 years, and documents and communications showing the use of such funds.
> 12.  All documents and communications relating to the Debtor's financial ability to satisfy the "sources of income" described in Paragraph 5 of the Mr. Welz's Declaration.
>
> Thank you,

Jacob



**JACOB FRUMKIN**
MEMBER

OFFICE   646.563.8944
CELL      845.893.7290
EMAIL    jfrumkin@coleschotz.com

Court Plaza North | 25 Main Street | Hackensack, NJ 07601

NEW JERSEY   NEW YORK   DELAWARE   MARYLAND   TEXAS   FLORIDA

VCARD | BIO | COLESCHOTZ.COM

Legal Practice Assistant: Megan Musall | 212.752.8000 x 3010 | mmusall@coleschotz.com

**From:** Joel Shafferman <shaffermanjoel@gmail.com>
**Sent:** Thursday, August 22, 2024 3:46 PM
**To:** <ess_hearings@nyeb.uscourts.gov> <ess_hearings@nyeb.uscourts.gov>
**Cc:** gluckman@forchellilaw.com <gluckman@forchellilaw.com>; Scott, Shannon (USTP) <shannon.scott2@usdoj.gov>; Leyva, Leo <LLeyva@coleschotz.com>; Frumkin, Jacob S. <JFrumkin@coleschotz.com>
**Subject:** Fwd: 1-24-42127-ess Affidavit

**CAUTION:** External Message

Dear Judge Stong:

We have attached a copy of the Declaration of Theodore Welz With Regards to Cash Collateral Stipulation and Means to Implement Plan which has been filed on ECF.  The next Case Conference is scheduled for Thursday, August 29, 2024 at 10:30 am

Respectfully submitted

Sincerely,

Joel Shafferman, Esq.
Shafferman & Feldman LLP
137 Fifth Avenue, 9th Floor
New York, New York 10010
Office (212) 509-1802

Cell (917) 847-8050

**WIRE FRAUD ALERT:**

Never wire funds at our request without first calling our office to confirm the wiring details personally. If, at any time, you should receive an email from this office or someone involved in the transaction, please first call to verify the information before initiating any wire transfers. All wire transfers are subject to verbal verification.

---------- Forwarded message ---------
From: <BKECF_LiveDB@nyeb.uscourts.gov>
Date: Thu, Aug 22, 2024 at 3:41 PM
Subject: 1-24-42127-ess Affidavit
To: <noreply@nyeb.uscourts.gov>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Eastern District of New York

Notice of Electronic Filing

The following transaction was received from Joel M Shafferman entered on 8/22/2024 at 3:39 PM EDT and filed on 8/22/2024

| | |
|---|---|
| **Case Name:** | Cong. Beth Joseph Zwi Dushinsky |
| **Case Number:** | 1-24-42127-ess |
| **Document Number:** | 45 |

**Docket Text:**
Affidavit Re: *Declaration of Theodore Welz with Regard to Cash Collateral Stipulation and Means to Implement Plan* Filed by Joel M Shafferman on behalf of Cong. Beth Joseph Zwi Dushinsky (Shafferman, Joel)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Declaration of Theodore Welz (signed).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=979333796 [Date=8/22/2024] [FileNumber=26814803-0

] [a231ff8b2a2cb67b9327ea13f3597e219fbc9b5b938bdaea50a854eee50018e24a3 2d097a719588f826b87c3763b23e99dcc7b67055289697dd384cf07e49d83]]

**1-24-42127-ess Notice will be electronically mailed to:**

Jacob S Frumkin on behalf of Creditor Secured Asset Management, LLC
jfrumkin@coleschotz.com, ssallie@coleschotz.com;fpisano@coleschotz.com

Leo V Leyva on behalf of Creditor Secured Asset Management, LLC
lleyva@coleschotz.com, fpisano@coleschotz.com,myellin@coleschotz.com,ssallie@coleschotz.com

Gerard R Luckman, Esq.
gluckman@forchellilaw.com

Office of the United States Trustee
USTPRegion02.BR.ECF@usdoj.gov

Joel M Shafferman on behalf of Debtor Cong. Beth Joseph Zwi Dushinsky
shaffermanjoel@gmail.com

Nolan Edward Shanahan on behalf of Creditor Secured Asset Management, LLC
nshanahan@coleschotz.com, ssallie@coleschotz.com

**1-24-42127-ess Notice will not be electronically mailed to:**

Shafferman & Feldman LLP
137 Fifth Avenue
9th Floor
New York, NY 10010

* * * * * *

This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.

<Declaration of Theodore Welz (signed).pdf>
<mime-attachment>

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

CONG. BETH JOSEPH ZWI DUSHINSKY *AKA* CONGREGATION BETH JOSEPH ZWI DUSHINSKY,

        Debtor.

Chapter 11

Case No. 24-42127-ESS

### SECURED ASSET MANAGEMENT, LLC'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE DEBTOR

TO:    Joel Shafferman, Esq.
        Shafferman & Feldman LLP
        137 Fifth Avenue, 9th Floor
        New York, New York 10010

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable by Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, the undersigned, Cole Schotz P.C., attorneys for Secured Asset Management, LLC ("SAM"), hereby demands that, **on or before September 25, 2024**, the above captioned debtor and debtor in possession (the "Debtor") respond in writing to these requests (including returning the certification annexed hereto) and produce and permit SAM to inspect, copy and/or photograph all documents and things in the possession, custody, or control of the Debtor or any agent of the Debtor, which embody, refer to, or relate, in any way to the subjects listed below.

| | |
|---|---|
| Dated: New York, New York<br>       August 26, 2024 | COLE SCHOTZ P.C.<br><br>By: <u>*/s/ Jacob S. Frumkin*</u><br>Leo V. Leyva, Esq.<br>Jacob S. Frumkin, Esq.<br>1325 Avenue of the Americas, 19th Floor<br>New York, New York 10019<br>(212) 752-8000 (Phone)<br>(212) 752-8393 (Fax)<br>*Counsel for Secured Asset Management, LLC* |

## DEFINITIONS

1. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure (the "Civil Rules"), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, electronically stored information, images, and other data or data compilations. This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

2. As used herein, the terms "communicate" or "communication" means any oral, written, audio/digitally recorded, voice recorded, or electronic transmission of information, including meetings, discussions, conversations, telephone calls, electronic mail messages, memoranda, letters, analyst reports, telecopies, facsimiles, conferences, text messages, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, digital/audio recordings, voicemail recordings, or other media of any kind. Responsive emails shall be produced whether they are from debtor-owned or –controlled domains or from personal email accounts.

3. The terms "relating to" or "concerning" mean referring to, concerning, describing, evidencing, constituting, embodying, considering, mentioning, respecting, bearing on, referring to or addressed in whole or in part to that subject.

4. "Representative" means and shall include each and every present and former director, officers, employee, agent, professionals (including, but not limited to, attorneys), or other person acting or purporting to act on behalf of any entity (including, but not limited to, a partnership, corporation, etc.) or any predecessor, subsidiary, affiliates, agent, division or department thereof.

3

5. "Identify" or "identity," as used herein with reference to (i) a Document, shall mean to state its title or other form of identification, its date, its author and, if different, its signer or signers, their addresses, the persons to whom it was directed (including "cc" and "bcc" recipients), the type of Document (e.g., letter, memorandum, chart, etc.), and its principal topics. If such Document is no longer in Your possession or custody or subject to Your control, state what disposition (if any) was made of it, and identify all persons having current possession, custody, or control; (ii) an individual shall mean to set forth his or her name, home address, home telephone number, whether employed, and if so, the name, address, and telephone number of his or her employer; (iii) a corporation or other non-human entity shall mean to set forth its legal name, principal place of business, business address and business telephone number; and (iv) a Communication, shall mean to set forth the form of Communication (e.g., telephone conversation, in-person conversation, written correspondence, facsimile, etc.), the persons or entities who took part in the communication, the date, time and place of the Communication, and any other persons present during the Communication.

6. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The use of the singular form of any word includes the plural and vice versa.

10. "Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of New York.

11. "Cash Collateral Stipulation" means the proposed *Stipulated Order Authorizing Debtor to Use Cash Collateral Pursuant to Section 363 of the United States Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001*, circulated to SAM by the Debtor on August 16, 2024.

12. "Chapter 11 Case" means the chapter 11 case filed by Debtor and currently pending under Case No. 24-42127-ESS in the Bankruptcy Court.

13. "Debtor" means Cong. Beth Joseph Zwi Dushinsky *aka* Congregation Beth Joseph Zwi Dushinsky.

14. "Declaration" means the *Declaration of Theodore Welz with Regard to Cash Collateral Stipulation and Means to Implement Plan*, filed with the Bankruptcy Court on August 22, 2024 under Docket No. 45.

15. "Plan" means the *Small Business Sub-Chapter V Plan of* Reorganization, filed with the Bankruptcy Court on August 19, 2024 under Docket No. 42, together with all amendments, modifications, and supplements thereto.

16. "Plan Documents" means any document that has been or will be filed with the Bankruptcy Court in connection with the Plan, including but not limited to any plan supplements or exhibits to the Plan.

17. "Property" means that certain real property located at 135 Ross Street, Brooklyn, New York 11211.

18. "Status Conference" means the conference scheduled by the Bankruptcy Court in this Chapter 11 Case for August 29, 2024 at 10:30 a.m.

5

19.     "You" or "Your" means the Debtor.

## INSTRUCTIONS

1.      Pursuant to Civil Rule 34(a)(1), each production request shall be construed to include all documents within Your possession, custody or control.

2.      Electronically stored information is to be produced in native format, unless otherwise agreed between counsel or unless such information could not be retrieved or accessed with the use of commonly used commercial off-the-shelf software, in which event counsel is requested to contact the undersigned to discuss the form of production. In addition, it is requested that all electronically stored information be produced as .TIFF images with Relativity load files (.DAT and .OPT) and searchable text (*i.e.*, OCR).

3.      If the response to any production request consists, in whole or in part, of an objection on the basis of or including burdensomeness, then provide those documents that can be produced without undue burden. For such documents that are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

4.      Pursuant to Civil Rule 26(b)(5)(A) and L. Civ. R. 26.2, if You assert a claim of privilege in responding or objecting to any production request, You must identify the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked. If You withhold otherwise discoverable documents by claiming that the documents are privileged, You must describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

5.  If Your response to any document request is any other objection, provide all information not covered by the objection and state the basis of the objection.

6.  If any document responsive to these production requests has been destroyed, state when the document was destroyed, identify the person who destroyed the document, and the person who directed that it be destroyed. Additionally, detail the reasons for the destruction, describe the nature of the document, identify the persons who created, sent, received, or reviewed the document, and state in as much detail as possible the contents of the document.

7.  Pursuant to Civil Rule 26(e)(1), You must supplement or correct Your responses to these requests in a timely manner if You learn that in some material respect the disclosure or response is incomplete or incorrect.

## **REQUESTS FOR PRODUCTION**[1]

1.  All documents supporting the statement in Footnote 1 of the Declaration that "the value of the Debtor's real property is much greater than the amount of SAM's claim."

2.  All documents and communications supporting the statement in Footnote 1 of the Declaration that there is an "equity cushion."

3.  All documents and communications regarding attempts by the Debtor or its Representatives to hire an appraiser or obtain an appraisal for the Property.

4.  All documents indicating any type of appraisal or valuation of the Property, whether in draft form or otherwise.

5.  The source of the adequate protection payments proposed to be made to SAM, as described Paragraph 2 of the Declaration.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

6. All documents evidencing the Debtor's ability to make continued adequate protection payments.

7. A list of historical rental payments to the Debtor or any other party for residential units at the Property for the last 10 years, and documents and communications showing the use of such funds.

8. The names and financial information related to the historical and current tenants, and the tenants that have been living rent free.

9. A list of historical rental payments to the Debtor or any other party by any sub-congregation relating to the Property for the last 10 years, and documents and communications showing the use of such funds.

10. A list of all donations made by congregants to the Debtor for the last 10 years, and documents and communications showing the use of such funds.

11. All documents and communications relating to the Debtor's financial ability to satisfy the "sources of income" described in Paragraph 5 of the Declaration.

12. All documents and communications related to the Plan.

13. All documents and communications related to any liquidation analyses, financial projections, or feasibility analyses with respect to the Plan or the Plan Documents.

14. All documents and communications related to Your efforts to obtain funding for the Plan or the Cash Collateral Stipulation from sources other than as described in Paragraphs 2 and 5 of the Declaration.

15. All documents and communications related to the projected recoveries for each class of claims or interests identified in the Plan.

16. All documents and communications related to the calculation of the interest rate described in the treatment for Class 3 of the Plan.

17. All documents and communications, including but not related to formulas, related to the payment terms proposed for Class 3 in Article VIII of the Plan, including the payment schedule, interest rate, and present value of such payments.

18. All documents and communications supporting the alleged legal basis, if any, for separately classifying general unsecured claims and "Congregant/Investor Claims" in the Plan.

19. All documents and communications underlying the alleged "money loaned" for each of these "Congregant/Investor Claims" described in the Plan.

20. All documents and communications evidencing the feasibility of the Plan.

21. All documents and communications regarding Exhibit A to the Plan.

22. All documents and communications between or among the Debtor or its Representatives and the "group of congregants and creditors" described in Paragraph 3 of the Declaration.

23. All documents that You intend to rely upon in connection with the Status Conference or the Confirmation Hearing.

24. The names of all witnesses You intend to call at the Confirmation Hearing.

25. Copies of reports and documents received from or provided by or to any expert You have retained, intend to retain, or contemplated retaining in connection with the Chapter 11 Case, including (a) all expert reports and draft reports, (b) the curriculum vitae of any expert, (c) summaries of any oral opinions provided the expert(s), including initial or preliminary opinions, and (d) a listing of all articles, books, publications or other writings authored or co-authored by the expert(s).

## **CERTIFICATION**

I hereby certify that a reasonable inquiry has been made for documents responsive to this request and that as a result of that injury, to the best of my knowledge and information, this response is complete and correct.

By:_____

Print Name:_____

DATED:  _____, 20\_\_

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served by email on counsel for the Debtor.

August 26, 2024                                         */s/ Jacob S. Frumkin*